76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kay Elliot FARLEY, II, Plaintiff-Appellant,
v.
Swayn E. MOORE; Rand Schuft; Wayne Teglia; John Slansky,
Defendants-Appellees.
 No. 95-15650.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kay Elliot Farley II, a former Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. He contends the district erred when it dismissed his action based on Heck v. Humphrey, 114 S.Ct. 2364 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 On August 23, 1991, Farley filed this section 1983 action seeking damages from defendants for unlawful arrest, illegal search and seizure, and malicious prosecution. On September 9, 1991, the district court stayed Farley's section 1983 action so that Farley could exhaust his habeas corpus remedies. On December 11, 1991, the district court denied Farley's first habeas petition on its merits. On September 8, 1992, Farley filed a second habeas petition which the district court denied as an abuse of the writ on May 21, 1993.
 
 
 4
 On March 31, 1994, the stay on Farley's section 1983 action was lifted. On November 1, 1994, defendants filed a motion to dismiss and/or motion for summary judgment based on Heck v. Humphrey which the Supreme Court decided in June of that year. On March 7, 1995, the district court granted defendants' motion. This appeal followed.
 
 
 5
 Because the judgment which Farley seeks "would necessarily imply the invalidation of his conviction" and his conviction has not "already been invalidated," the district court properly determined that Farley failed to state a cause of action pursuant to 42 U.S.C. § 1983. See Heck, 114 S.Ct. at 2372, 2373.
 
 
 6
 Given that the district court had already denied two habeas petitions filed by Farley, we reject Farley's contention that the district court should have construed this section 1983 action as a petition for habeas corpus relief. See Rule 9(b), Rules Governing Section 2254 Case, 28 U.S.C. foll. § 2254; see also McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. Appellant's motions for oral argument and to supplement the record on appeal are denied